UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARON JOHNSON                                              CIVIL ACTION

VERSUS                                                     NO:      10-1769

JAMES M. LEBLANC, ET AL.                                   SECTION: "R" (4)

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)** and **§ 1915(e)(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that these matters can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

The Plaintiff is no longer in custody but was previously incarcerated at the David Wade Correctional Center in Homer, Louisiana through September 16, 2009.[1] He filed the above captioned matter on June 3, 2010, against James M. LeBlanc, the Secretary of the Louisiana Department of Corrections, Juan Labadie, a doctor within the Jefferson Parish Department of Health and Human Services who provides treatment to individuals affected with mental illness, addictive disorders, or developmental disabilities, and Sandra Sumler, a social worker, contending that his civil and

---

[1] Rec. Doc. 1. It is unclear when he was first placed in custody.

constitutional rights had been violated because he was denied adequate medical treatment and medical assistance. He further contends that he was denied protection from cruel and unusual punishment and was not allowed to receive supplemental security income from the State of Louisiana or immediate emergency assistance. He seeks damages for pain and suffering and mental anguish. He further seeks an appointed legal civil rights lawyer.

## II.     Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  While a plaintiff is not required to set out in detail all of the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 761-62 (5th Cir. 1984); *In Re Santa Barbara Like It is Today Copyright*, 94 F.R.D. 105 (D. Nev. 1982).

Johnson has failed to allege any facts in his Complaint which would put the defendants on notice as to the allegations against them.  "Some facts much be alleged that convince the court that the plaintiff has at least a colorable claim.  Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).  While he alleges that he was denied medical care, he fails to describe the physical or mental condition that required medical care, that he actually requested medical care, to whom it was requested, or that his request was denied.

He also does not set forth any facts indicating whether he was incarcerated for more than one year or which defendants denied his request for supplemental security income.  Nor is there any allegation of who denied him immediate emergency assistance nor is there a description of the emergency which necessitated assistance.  It is therefore recommended that the plaintiff's suit be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a cause of action which provides the defendants with sufficient notice of his claims.

**IV.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that the plaintiff's § 1983 claims against the defendants, James M. LeBlanc, Juan Labdie, and Sandra Sumler, be **DISMISSED WITHOUT PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e), § 1915A, and § 1997e unless Johnson amends his complaint within twenty (20) days to set forth a cause of action which provides the defendants with sufficient notice of his claims

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 5th day of May, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.